May it please the Court. My name is Alan Solot and I represent the appellants in these two cases, Joan Tober and Ronda Hummel. I would like to reserve a few minutes for rebuttal if I may. Your Honor, this is all bankruptcy issues. The issue here is whether an asset is exempt from liquidation by the bankruptcy trustee. The BAP in its ruling found that the statute was ambiguous and applied some legislative history to help the BAP interpret the statute. I submit the statute is not ambiguous. There's no need for legislative history to determine the legislature's intent when they pass the statute. Rather, the statute's plain language can be read to determine the intent. The statute requires two things for the annuity or the cash surrender value to be exempt. Two things. One, that it be owned for two years by the debtor. No dispute on that issue. It's conceded by all that that applies. And two, that the beneficiary be the debtor, the debtor's surviving spouse, child, parent, or sister. And then the statute goes on, comma, or other dependent family member. And that's the issue here, Your Honors, is whether all of the beneficiaries need to be dependents rather than just anybody who's not debtor, debtor's surviving spouse, child, parent, brother, or sister. A6 really doesn't say anything about the debtor, does it? Your Honor, I don't have a copy of the statute in front of me, so I can't respond to that without it. A7 says the debtor, but A6 doesn't have a debtor in it, does it? I'm sure you're correct if you're saying that, Your Honor. Well, the reason I ask that question, it seems to me, then, that if we're just saying this is clear and unambiguous, it would seem easier, wouldn't it, for your argument to be on A7 than it would on A6? Because A7, it wouldn't seem like the debtor would be dependent on the debtor. But as to A6, there is no debtor. That is, in part, my argument, Your Honor, that the debtor can't be a dependent on the debtor, but also a surviving spouse. I understand your argument about surviving spouse, but I'm trying to just, are these statutes therefore different, such that A6 would come out different than A7? I don't think so, Your Honor. My submission is that the S is exempt. How could one be a dependent on the debtor? I understand your argument. But when it isn't in A6, then your argument falls flat. And one very well could, based on the rules of statutory construction suggested and as to the cash surrender value of the life insurance policies, the bankruptcy trustee might be correct. Your Honor, in order to reach that point, you'd also have to find that the other named beneficiaries, child, parent, brother or sister, all would have no point in being in the statute, because if everybody has to be independent, then why are we naming any family member? All the statute would really need to say is, in order for it to be exempt, it has to be owned for two years, and the beneficiary has to be a dependent family member. There's no point in listing any family members. Well, I mean, the fact that they're listed and the fact that the legislature decided to list some but not all with specificity doesn't actually answer the question. In Section 6, the question is, to give meaning to the whole statute, what do you do with the word other? And my response to that is you give meaning to the whole statute because what it's saying is these named beneficiaries, named family members are included in the category of those who can be beneficiaries. And if it's not within that category, then it's anybody else who is a family member and a dependent. That's what the word other is meant to mean there. Well, why does it say you would need another? Why do I say or any dependent family member? In other words, the difficulty is what to do with the word other here because if I can have these three family members, they get it straight up. It doesn't matter. And then I said and any dependent family member, then I would know I can look to other family members so long as they're dependent. But isn't there some ambiguity here about when they use the word other, which caused the BAP to go to the legislative history. And when they go to the legislative history, it says that it applies when a dependent family member has been named a beneficiary. That's all correct, Your Honor. The BAP did find it to be ambiguous. I'm arguing, of course, that it is not ambiguous. But if you take that step, then the BAP looked at the legislative history and found it to be a requirement, but it didn't find the legislative history that I included in my answer in my reply brief, which separated out family member from dependents and made it the legislative history there was it could be exempt by being a family member or you had to be dependent. Let me add, oh, sorry. You're on your own. Just following up on Judge Smith's earlier question, though, however one might interpret this, whether we decide that it's ambiguous and we look to legislative history or it's not, do you believe that the way these statutes are structured, that the interpretation should be parallel? I do. So it's kind of an up or down, either way. Yes, I would absolutely believe that. Let me ask you one other question. When you read the Arizona State Senate revised fact sheet, you have that in front of you? I can grab it in a moment, Your Honor. If you read that, that is as passed by the Senate, as I see up in the corner because the check is there. It comes with a purpose and a background and a provisions. And then it says amendments adopted by committee of the whole. What does that mean? Your Honor, I can only speculate. I don't know. I'm not sure. You don't know? You've not looked into this enough to tell me? I have not looked into what that phrase means. I can only speculate. I worried, having been a little bit familiar with the Idaho legislature, been over there quite a bit, that these amendments adopted by the committee of the whole mean that these are amendments adopted by the whole Senate rather than the committee. Would that mean that then what you've pointed out is overtaking of what's up under the purpose? In other words, that the committee of the whole, where they've amended it to be a family member or dependent, might be superlative or overtaking of a dependent family member up in purpose, such that your argument would be better than the purpose argument adopted by the BAP? Obviously, I would agree with Your Honor. I thought you'd agree with me. I just thought maybe you'd tell me a little bit about whether I could really go there. I don't know. I don't know what the committee of the whole means. I would also tell you that the legislative history really isn't dispositive. It seems to kind of go in both directions. The BAP found some that supported having the asset not be exempt. I've submitted some that shows that it should be exempt. And so I think the ambiguity, if you find there's ambiguity, really isn't resolved by the legislative history. Do you know who prepared this fact sheet? I'm sorry, Your Honor. Excuse me. Do we know who prepared this fact sheet? I don't know, Your Honor. I contacted the legislature, asked for this, and they faxed it to me. So I don't know. The bottom says prepared by senate staff. Correct? It does say that. I assume we take it at its word. I don't know. This isn't an area that I get involved in very often. I didn't even know I could find something like this so easily, and I did. I just made a phone call and they faxed it to me. Is this an issue we ought to send over to the Arizona Supreme Court? No, Your Honor. I think this Court is fully able to interpret Arizona law. There is no case precedent. Arizona has never said anything about it, have they? Nothing that I was able to find and nothing that the BAP was able to find, nothing that an opposing counsel was able to find, so I assume not. So why shouldn't we let them decide? After all, in fact, in bankruptcy law, we allow the state or the federal exemptions to apply depending on what the state does, and Arizona opted out of the federal exemptions, correct? That is correct. And so therefore, those living in Arizona only have the Arizona exemptions. Maybe we ought to let Arizona decide. Your Honor, I'm not sure what the – in terms of judicial economy, and we're standing before you today in this Court, the procedures have been engaged in, time has passed, this issue is ripe for determination, and I would submit that it should be determined. Whichever way we go, huh? Well, you know, I guess if it's my choice and you're going to rule against me, I want Arizona to look at it. Yes. If we're going to go against you, go to Arizona. Absolutely. Otherwise, stay here. But I think this is a strong case for the asset to be exempt. I think you're going to rule in our favor. There's been some argument – But so far, you're kind of 50-50 on how courts have looked at this, right? No, Your Honor. There's – well, I guess. I mean, the bankruptcy judge said yes. The BAP said no. The BAP relied on the legislative history. The bankruptcy judge looked at the language of the statute and saw no ambiguity and ruled accordingly. Well, forget the Seventh Circuit. I was going to say, what about the Seventh Circuit? That's – that Illinois statute and the cases that are decided by that really is a different statute. I tried to point out in my opening brief how they are different, and I don't think that – I mean, it helps to kind of discuss it and look at those things, but they don't really – relying on those doesn't determine anything. This is Arizona, and Arizona law applies, not that Illinois case. And the exemptions are significant, and you really shouldn't turn on how a different statute in a different jurisdiction was used. Okay. Thank you. I guess I should stop, and I'll reserve the rest of my time. Good morning. May it please the Court. My name is Trudy Nowak. I'm the bankruptcy trustee and counsel in the NRA HOMO matter. I'm counsel in the NRA TOBOR matter. In that matter, Beth Lang is the trustee, and she is here in the courtroom today.  I think the question is that not only is the language of the statutes that we're dealing with unambiguous, but if the Court were to find that it was ambiguous, that the legislative district – But if it's ambiguous, isn't it a rule of construction that exemptions are to be construed broadly in favor of the debtor? That's correct. That's – Well, if it's ambiguous, it means it can be construed two ways. And if the rule is if it can be construed two ways, you've got to give it to the debtor, it seems to me once it's ambiguous, you're out of here. I don't see where you go. Well, I disagree, and I'd like to address – Explain it. I'm sorry? Explain it. I'd like to address that by saying this. If we look at this exemption, I'd like to emphasize two things. It is a completely unlimited exemption. There's no cap whatsoever. I'm aware of only one other statute that an Arizona debtor can claim where that is. Well, it's also in U.S. dollars, you know, and so what? It's limited to life insurance and annuities. What relevance does that have? Well, it means that a debtor with this type of asset and claiming this type of exemption could have a huge benefit into the tens or the millions of dollars. Go to Florida, see what happens there. So states differ in these things. States can be quite generous with debtors, and I don't know whether that helps you with the argument that if it's ambiguous, the debtor wins. Well – If that's the rule, it seems to me, once you say ambiguous, you've basically given up the game.  I understand the argument otherwise, but you've got to persuade – you've got to make persuasive arguments as to why that's not – that doesn't follow like night follows day. But if you look at the limitations on the exemption with respect to the two-year rule and the naming of the beneficiary, you have to look at those requirements of it, and when you do that, it's not running afoul of this idea that statutes for exemptions in general are liberally construed. It doesn't mean there's no limit. I don't understand what you're saying. I have no idea what you just said. Look, you've got a statute that has various limitations and parameters, right? One of them is it has to do – it deals with life insurances and annuities. I don't know whether there are other things like that. It doesn't apply to stocks and bonds and things of that sort. It doesn't apply to trusts. It doesn't apply to all sorts of things, okay? So in that sense, it's clear, and the debtor has a trust favoring a family member. You know, that wouldn't apply. But here you've got the limitation that's ambiguous. You've said yourself. You start off. You begin by saying it's ambiguous. And when you have a limitation that's ambiguous, I don't understand how you can argue that you – I mean, both interpretations are plausible, right? The word child could mean a child who's a dependent. It could also mean a child who's not a dependent, right? They're equally plausible interpretations. And if the rule of construction is, if it's ambiguous, it goes to the debtor, I don't see why you need anything else, legislative history or anything else. It's sort of like construing an insurance contract, right? You have rules about insurance contracts. They are construed liberally in favor of coverage. You're familiar with that rule, right? So if you find a term in insurance policy that's ambiguous, the insurance company pays out. That's just the way it works. That's life. So why isn't this exactly the same here? Because it's ambiguous doesn't mean the debtor always wins. Why not? Well, the rule is that an exemption is liberally construed. Now, what does the rule of construction in favor of the debtor mean? If it doesn't mean that if there is a two-ways of construing it, you've got to go with the one that favors the debtor. What else could it mean? Well, but except that when you have an ambiguous statute, you're going to look to the reasons that that statute. No. No. If you've got a rule of construction that says, look, if it's ambiguous, let's say you have insurance, interpreting insurance contract, okay? You look at it. You find a clause that can be construed one of two ways. Bam. The insured wins. The company loses. You don't go and cut. I don't think that's always true, because in an insurance contract, if it's ambiguous, there may be a rule of construction, but then you have external, extrinsic evidence that may actually change it. So I don't. It seems to me that you might have more than one rule of construction. If you have more than one here, that's fine. If you have more than one, I mean, and they might be running into each other, and then we have to sort them out. Well, what the BAP looked at and what the Supreme Court looked at in the JAMA case, look at whether or not the word other is a connecting modifier, and when you have a list, they talk about the fact that the last phrase modifies not only that phrase, but what precedes it. Well, then maybe we don't. Maybe it's not ambiguous. Maybe it's just straight up. I think it is not ambiguous. I think counsel for the debtor is arguing that as well. I think when you look at the statute. Well, if it isn't ambiguous, then how can one be a dependent debtor? Well, you can be a dependent on yourself. Think about a tax return when you file that. When is it that we have ever had a dependent debtor? Well, in an annuity, when you list the beneficiaries, you're talking about the fact that there are going to typically be payments made out to a beneficiary under that contract. Often those payments are made to a debtor, and sometimes they're made to others. In a life insurance policy, the beneficiaries don't come into play until there's a death. What's the purpose of this kind of an exemption? Well, the purpose of this kind of exemption, as with all, but particularly with this type and with homesteads, you're not only giving a privilege to a debtor or an opportunity to a debtor, but you're really looking at also sheltering the family and the debtor's obligation to take care of the dependents and his obligations or his or her obligations to take care of the family and not shift that responsibility to the State or the public. And that wouldn't make sense if you have a, you know, an 82-year-old sister that lives in Kansas and you don't support her. That's correct. And that's one of the reasons that we're looking at this. Aren't we really looking at the legislative history? We're not really then trying to construe the statute as it is. We're looking at the legislative history. Well, I'm saying that when you look at the statute, you have to look at that word other. Well, I appreciate your argument as to other. My only worry is, is the other works really well in A6, but the other doesn't work so good in A7 where there's a debtor. I don't ever, I've not found any reason why there would be a dependent debtor in an annuity situation. Well, you could almost say it doesn't apply to a surviving spouse situation either because at the time. Why? Well, because at that time, the spouse is living. Okay. So then at that point, your whole argument goes out the window. I'm saying that's kind of an, I'm saying that that would be an illogical way to look at it because if you, this statute's really designed in essence for a non-bankruptcy setting, which a lot of State exemption laws are. But I'm saying that a debtor, the spouse, they're dependents. They're mutually dependent on one another. They're dependents on themselves. They take care of themselves financially. And that's why this comes into play along with dependent children, parents, and siblings. Well, how often do you have dependent siblings? Do you know of anybody who has a dependent brother or sister? It's very rare. But it's possible. Well, you could have a dependent cousin, too. You know, you could have a dependent anything. Parents. And for whatever reason, the legislature listed those that it did. Well, but if you look at the list, at least the brother and sister don't look like natural dependents. Even parents don't look like natural dependents. Sometimes parents become dependents late, late, late in life. But in most situations, parents don't become dependents. Siblings almost never become dependents. I don't know of anybody who has ever had a sibling as a dependent. So this list doesn't look to me like a list of dependents. Well, I think it's saying a list. This is a list as well as any other types of family members, cousins or uncles, aunts, anyone that the debtor is responsible for financially. Why can't you either say, look, if you're one of these relatives, if you're a spouse, child, parent, brother, sister, then that's covered. And any other relative who is dependent. And that makes other work just fine for me. That's not what it says. Why not? Why not? It says are any other dependent family member. It doesn't say or a family member or a dependent family member. It says any other dependent family member. That's how you do it. Any other family member who is a dependent. So dependent modifies family member. So if you are, if you have another family member who is somebody else, a cousin or an aunt or something like that who is a dependent, then it's covered. So you've got these categorical exemptions for brother, sister, mother, father, you know, son, daughter. And then as to more distant family members, you, you have to be a dependent. Well, that's basically taking. Makes plausible sense, right? It takes the word other and makes it superfluous. It doesn't make it superfluous at all. Well, you're giving the same meaning whether it says or any other dependent family member and equating that with any. Other family member who is a dependent. Well, maybe that phrase is even. So why, why instead take care of the phrase who is a dependent? Why don't you have a modifier that says dependent when you call, when you describe family member? So, you know, it makes perfect sense. The only thing I would also recommend is the Seventh Circuit when it looked at the same type of language. It's the wrong all the time, the Seventh Circuit. Well, except that they're saying you can't just throw out the word other. Let me ask you another question. Let's suppose this is ambiguous. You think the bankruptcy, the BAP got it wrong when they said it was ambiguous, right? I believe that it is unambiguous. But if I am incorrect and you should agree with that. You should start out by saying ambiguous. If in fact it's ambiguous, how do you read this amendments adopted by committee of the whole? It seems to me that this amendments adopted by committee of the whole from the Arizona State Senate would suggest that the purpose was amended, that we're not talking about a dependent family member anymore. We're talking about a family member or a dependent. And I believe that's in the paragraph that talks about the cash proceeds of a life insurance policy. Stamps up to 100,000 of proceeds, right? That's a different provision than the one that's really the first provision of the statute, not A6 and 7, it's A1, where you talk about the limitations on the proceeds of life insurance. We're talking about the limitations on the cash surrender value. And that's why we go back to the Senate committee minutes, and that deals specifically with that. I believe that I'm going to leave it there. Okay. Let's go to their minutes. And let's talk about what Timothy Radden, the state legislative chairman of the Arizona Association of Life Underwriters says. He says that the current law is such that the death proceeds of a life insurance policy are already exempt. This bill would affect the cash surrender value of these policies. Their concern is that the cash surrender value of the policy is absolutely essential to maintaining the death proceeds. So I did a little research, and it seems to me that the death proceeds of life insurance are exempt. It doesn't matter who gets them. And then we go to the cash surrender value. Why should not it be exempt, no matter who gets them? Because then you're ---- Actually, it seems to me exactly what Mr. Radden was arguing, that the cash surrender value is so essential to maintaining the death proceeds that they ought to be equal. And so, therefore, what your colleague suggests is correct. We ought to give them all without problem, whether they're dependent or not. But that's not what the remaining portion of that Senate report talks about in terms of the dependent family member. The rest of the ---- Is the language parallel in the statute for proceeds and ---- It is not. It is not. In the proceeds section, it says any money received by or payable to a surviving spouse or a child on the life of the deceased spouse not exceeding 20,000 is exempt. Very different statute. That's not even the same language. It's not even the same language whatsoever. So I think, you know, it's important here to stick to the language. Absolutely. One way or the other, however it may come out. But that statute is different than 6 and 7. That's correct. And in this particular case, again, you know, you're looking at the fact that the cash surrender value, if removed by a trustee, doesn't extinguish the life insurance policy. It only will reduce the benefits that are given at the time of death. It certainly doesn't wipe out the entire thing. It's a certain portion of it, depending on the age of the policy. That ---- having this exempt when you list dependent family members as the beneficiary makes sense from a public policy sort of point of view, as opposed to a situation where the debtor can go in one day after the bankruptcy filing and yank out all that cash surrender value for himself. It's as though it's a cash or a wild card exemption. So, for example, in the Tober case, the debtor can walk in one day after the filing and pull out $33,000 in cash, where another debtor in Arizona gets $150 in a bank account. But if the debtor has a dependent child, they'd be able to pull it out, right? If he could do it, but the idea behind the statute, in my ---- in the trustee's opinion, is that when you're listing dependent family members as your beneficiaries, you're doing that to protect your family and their financial security. They can pull it out. They can just take it and go gambling with it. Yes. Okay. So ---- And that's why it's so important to narrowly construe this statute. I'm sorry? If that, to me, is why this statute needs to be very ---- No, I think this cuts it completely against you. I mean, they can do it whether ---- if it's a dependent, they can do it. This is not like if they have a dependent, somehow the money's tied up or anything else. They can go spend on anything else. But if you're going to grant them the exemption, then you've got to be sure that they can provide by the terms of that. We don't grant exemptions. It's the Arizona legislature that grants exemptions. I mean, they can exempt anything they want to, right? Correct. And Federal bankruptcy law picks up State exemptions. I mean, perhaps foolishly. You know, some people have argued that there should be a cap on State exemptions in Federal bankruptcy law, but Congress has not seen fit to do that. So it's the State legislature and it's Congress. We don't grant anybody exemptions. I don't make them up. Right? Correct. But in interpreting this one, it seems to me that it's very clear what the Court needs to do. Not at all clear. Well ---- What's clear about it? I mean, if anything is clear after all of this is that it's not clear. Well, if you look at the change that was made before it says exactly what you're saying it should say, and then they change it and make it more limiting. I don't think it should say anything. Trust me. I have no view on this. But initially the statute ---- I don't have any dong in this race. But initially the statute said ---- You have any Arizona relatives? But initially the statute said ---- I wish. I heard a couple of law clerks say it. I'm going to go quickly with an insurance policy in my name. But see, what's your view on ---- I mean, you know, there's no clear answer here. And it is an Arizona artifact. Shouldn't we just ask Arizona, since it's the Arizona that are affected by this? Well, you know, is that a possibility? Sure. Does it make sense here? I mean, you know, I think it's a pretty clear answer.  is a pretty clear answer. You know, that's ---- those exemptions come through the bankruptcy code, through Section 522, where it says what happens if you opt out or don't opt out. You know, the Seventh Circuit took a look at state exemption law under the Illinois  So I guess your answer is you'll roll the dice. Well, not roll the dice. I think we're ---- that this Court can certainly interpret the statute. The better argument is there's not enough money here to send. To that. To take it ---- Case. Never. It's going to be eaten up by lawyers' and trustees' fees if we send it one more step. That's true. That's their argument. That's true. The debtors aren't going to get anything at all. That's true. Anyway, I think you've had your time. I have. And thank you so much. I think I've got about four minutes. I don't think I'll use it up. Your Honors, the counsel argued about unlimited exemption for the life insurance proceeds. I would just counter that and point out that it is unlimited. It's a dollar amount, but the limitation is it has to be owned for two years. I think there's a legitimate concern that if you could go and plunk a bunch of money into a life insurance policy and file bankruptcy shortly thereafter, that could be a fertile area for abuse of the exemption law. My experience, to just say that, is that debtors have no means of planning two years in advance. So no debtor, or it would be a very rare debtor, who could actually plan to put money in a life insurance policy with a view towards filing bankruptcy more than two years later. So that's one thing. And there's another unlimited exemption in Arizona law, and that is retirement funds. Unlimited. No dollar amount. And so the example that seemed to concern counsel, that the day afterwards could pull out money and do whatever they want to, applies to retirement funds. The Arizona legislature has given an unlimited exemption for retirement funds, and has given one here as well. Okay. Thank you. Thank you, Your Honor. Okay, Judge Asagi, we'll stand some minutes.
judges: Kozinski, McKeown, Smith